ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 21, 2014

The Honorable Robert Duncan
Chair, Committee on State Affairs
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-1038

Re: Whether statutory records retention requirements apply to model lesson plans developed and maintained by the Texas Education Service Center Curriculum Collaborative (RQ-1140-GA)

Dear Senator Duncan:

You ask five questions about "whether model lesson plans developed by the Texas Education Service Center Curriculum Collaborative ("TESCCC" or "the collaborative") are subject to the records retention requirements applicable to local governments and/or those applicable to state agencies."[1] As background, you explain that ten of the state's twenty regional education service centers ("ESCs") entered into "an interlocal agreement, formally creating the TESCCC" as a nonprofit corporation. Request Letter at 2. Through that nonprofit, the ESCs pooled their resources to develop a curriculum management program, which included providing "exemplar lesson plans . . . to the member school districts." *Id.* You tell us that TESCCC "voted to discontinue providing lesson plans," and you explain that "questions have arisen regarding how to handle the discontinued lessons." *Id.*

Your first and second questions ask whether "the lesson plans maintained by TESCCC and/or the member ESCs" are considered state government records, subject to chapter 441 of the Government Code, or local government records, subject to the Local Government Records Act. *Id.* With regard to TESCCC, you tell us that in May of this year, the board of directors of TESCCC voted to "dissolve the nonprofit and wind up its affairs," and the curriculum management program will now be managed by the regional ESCs through a shared service arrangement. *Id.* By dissolving itself and transferring management to the ESCs, it would appear that TESCCC has relinquished control of the curriculum and affiliated lesson plans to the ESCs.

---

[1]Letter from Honorable Robert Duncan, Chair, Senate Comm. on State Affairs, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (July 23, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Any ongoing retention obligations belong to the ESCs, and we will therefore answer your questions only with regard to the ESCs.

Government Code chapter 441, subchapter L addresses the preservation and management of the records of a "state agency," defined for purposes of subchapter L to include "any department, commission, board, office, or other agency in the executive, legislative, or judicial branch of state government created by the constitution or a statute of this state." TEX. GOV'T CODE ANN. § 441.180(9)(A) (West 2012); *see also id.* §§ 441.180–.205. The Local Government Records Act addresses the preservation and management of the records of a "local government," defined for purposes of that Act as "a county, . . . municipality, public school district, appraisal district, 'or any other special-purpose district or authority." TEX. LOC. GOV'T CODE ANN. § 201.003(7) (West 2008). To answer your questions, we must therefore determine whether ESCs are state agencies or local governments.

The Legislature has directed the Texas State Library and Archives Commission (the "Commission") to "administer the state records management program" and to "administer programs to carry out the duties" of the Commission under the Local Government Records Act. TEX. GOV'T CODE ANN. §§ 441.002(g)(4), .152, .182(b) (West 2012). As the agency charged with administration of the Local Government Records Act, the Commission's reasonable construction of the statute is entitled to deference so long as it does not contradict the statute's plain language. *See State v. Pub. Util. Comm'n of Tex.* 344 S.W.3d 349, 356 (Tex. 2011). In a brief submitted to this office in response to your request, the Commission advises that it considers ESCs local governments subject to the Local Government Records Act, explaining that it equates ESCs to "special-purpose districts or authorities" under Local Government Code section 201.003(7).[2] While the law governing ESCs does not clearly categorize these entities as either state agencies or local governments, we cannot conclude that the Commission's categorization of them as local governments is unreasonable or contrary to the statutory text. Thus, a court would have reason to defer to the Commission's conclusion that the lesson plans maintained by ESCs are local government records subject to the Local Government Records Act.

Your third question asks whether the lesson plans are "subject to any of the other retention requirements of Chapter 441 of the Government Code." Request Letter at 3. Along with the Local Government Records Act, Government Code chapter 441, subchapter J addresses the preservation and management of local government records. TEX. GOV'T CODE ANN. §§ 441.151–.168 (West 2012). Most of the provisions in subchapter J address the authority and duties of the Commission director and librarian. *Id.* To the extent that the provisions address local government records, however, the ESCs are subject to chapter 441, subchapter J. *See, e.g., id.* § 441.168(a) (authorizing a local government to request the Commission to provide microfilming or storage of local government records).

---

[2]Brief from Edward Seidenberg, Interim Dir. & Librarian, Tex. State Library and Archives Comm'n at 1 (Aug. 13, 2013) (on file with Op. Comm.) ("Commission Brief").

Your fourth question asks which of the retention schedules adopted by the Commission applies to the lesson plans and what is the minimum retention time under that schedule. Request Letter at 3. Government Code subsection 441.158(a) requires the Commission to "prepare and distribute . . . records retention schedules for each type of local government." TEX. GOV'T CODE ANN. § 441.158(a) (West 2012). Pursuant to this duty, the Commission has published Local Schedule SD, which "sets mandatory minimum retention periods for records . . . commonly found in local education agencies," expressly including "regional educational service centers." 13 TEX. ADMIN. CODE § 7.125(a)(6). Under the Local Schedule SD, "lesson plans" must be maintained for "as long as administratively valuable." In addition to the requirements of the Local Government Records Act, parents of Texas public school children have an absolute right of access to teaching materials used in the classroom of the parents' child. TEX. EDUC. CODE ANN. § 26.006(a) (West 2012). Any final disposition of the lesson plans about which you ask must comply with this statute.

Your final question assumes that the lesson plans are not subject to any statutory records retention provisions. Request Letter at 3. Because the lesson plans maintained by ESCs are subject to statutory records retention provisions, we do not answer your fifth question.

## S U M M A R Y

A court would have reason to defer to the conclusion of the State Library and Archives Commission that the model lesson plans maintained by Regional Education Service Centers are local government records subject to the Local Government Records Act. In addition, Education Service Centers must comply with Government Code chapter 441, subchapter J with regard to the maintenance of model lesson plans.

The State Library and Archives Commission's Local Schedule SD applies to the retention of lesson plans maintained by Regional Education Service Centers. Local Schedule SD requires that lesson plans be maintained for as long as administratively valuable. Any final disposition of lesson plans must comport with the absolute right of parents to access teaching materials used in the classroom of the parents' child pursuant to subsection 26.006(a) of the Education Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee